IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.     No. CR-02-2092 MV

DAVID LOUIS KING,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant David Louis King's Motion to Exclude **[Doc. No. 36]** and Supplemental Motion to Exclude **[Doc. No. 52]**. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motions are not well-taken and will be **DENIED**.

### BACKGROUND

On December 12, 2002, Defendant was arraigned on a two-count indictment charging him as a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(2). That same day, Magistrate Judge Puglisi entered a discovery order directing, among other things, the Government to disclose Defendant's "prior criminal record, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government." (Disc. Order of 12/12/2002 at 2.)

On December 16, 2002, the Government provided defense counsel a copy of Defendant's prior criminal record and arrests, along with copies of the Judgment and Sentence for several of his prior convictions. At this time, the Government also provided Defendant copies of the

documents related to revocations of parole sentences that had been imposed on Defendant following two separate and unrelated state convictions.

On July 15, 2003, Defendant entered a guilty plea on Count I of the Indictment. On August 12, 2003, Probation disclosed a presentence report indicating that Defendant may have three prior violent felony convictions that trigger the armed career criminal enhancement at 18 U.S.C. § 924(e)(1). This enhancement, although mandatory for defendants with the requisite prior criminal history, was not included in Defendant's plea agreement, which contemplated a lower mandatory minimum than that imposed pursuant to § 924(e)(1).

On August 26, 2003, the Government filed its Notice of Intention to seek an enhanced sentence under the armed career criminal statute and filed an informal objection to the presentence report citing the same provision. A copy of the objection was sent to defense counsel as well, along with the copies of the Judgment and Conviction for each of the three prior felonies that formed the basis of the requested enhancement.

On September 8, 2003, Defendant filed a motion to withdraw his guilty plea in light of the Government's intent to seek the armed career criminal enhancement; the Government filed no arguments in response, and the Court granted Defendant's motion to withdraw his guilty plea on September 25, 2003.

Meanwhile, on September 19, 2003, the Government provided Defendant with another set of discovery documents, which are the subject of the present motion. Defendant contends that the belated disclosure of these documents - eighty-four pages of reports and records purportedly related to Defendant's criminal history - violates Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure and the Court's December 12, 2002 Discovery Order. Defendant asks the

-2-

Court to exclude these documents from use by the Government in any criminal proceeding in this action because the delay in disclosure was prejudicial to Defendant. For the same reasons, Defendant also seeks exclusion of documents produced by the Government on December 15, 2003, which, according to the Government, pertain to previous parole orders against Defendant.

## DISCUSSION

Defendant contends that the September 19, 2003 and December 15, 2003 productions violated Rule 16(1)(1)(B) and the Magistrate Judge's Discovery Order, and that the Government's actions are "prejudicial to the Defendant in terms of tardiness and late production of discovery." (Defs' Mot. at 4.) However, the Court finds no such violation by the Government nor any prejudice to Defendant.

The Magistrate Judge's Discovery Order required the Government to produce "all of the information to which defendant is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure," including a copy of the defendant's "prior criminal record." The Government clearly complied with this mandate in a timely manner through the discovery it provided to defense counsel. As the Government explains, the documents turned over by the Government on September 19, 2003 and that are the subject of Defendant's Motion to Exclude "consist of the underlying police reports, and *duplicate copies* of the Judgments and Convictions from the Bernalillo County District Court regarding the Defendant's three prior violent felony convictions." (Govt's Resp. at 4.) That is, the only new documents produced at this time were *police reports* pertaining to the three felony convictions that are being used for the armed career criminal enhancement. As for the Government's December 15, 2003 discovery disclosure, those seven

pages detail information related to parole orders issued against Defendant, but not any prior charges or convictions of which defense counsel had not already been made aware.

The Court has found no case law or procedural rule, and Defendant has cited to none, indicating that Rule 16(a)(1)(B)'s use of the phrase "prior criminal record" was intended to encompass police reports or parole orders, and the Court sees no reason to read such a requirement into the rule. *Accord, United States v. Hourihan*, 66 F.3d 458, 463 (2d Cir. 1995) (rejecting defendant's claim that Rule 16(a)(1)(B) required prosecution to furnish not only fact of prior convictions, but also other information, including underlying facts); *United States v. Trejo-Zambrano*, 582 F.2d 460, 465 & n.3 (9th Cir. 1978) (citing with approval legislative history indicating that "prosecutor ordinarily discharges his duty under Rule 16(a)(1)(B) by supplying the accused with a copy of his F.B.I. rap sheet").

The September 2003 and December 2003 discovery provided by the Government only contained information about prior convictions that had been disclosed to defense counsel in the Government's December 16, 2002 production of Defendant's criminal record. The three prior felony convictions for which Defendant faces a possible armed career criminal enhancement were included in both the 2002 and 2003 sets of discovery.[1] (Exhibit 4 to Govts' Resp. at ATF00012, 00019, and 00020.) The December 16, 2002 discovery also included copies of the Judgment and

---

[1] In its Notice of Intent to Seek Enhanced Sentence, the Government identifies the following as the three prior violent felonies that trigger the mandatory enhancement at 18 U.S.C. § 924(e)(1): an October 10, 1986 conviction for armed robbery in the Second Judicial District of New Mexico, Case No. CR 42233; a July 10, 1995 conviction for commercial burglary and as a habitual offender in the Second Judicial District of New Mexico, Case No. CR 95-2545; and an October 30, 1995 conviction for residential burglary and as a habitual offender in the Second Judicial District of New Mexico, Case No. CR 95-2813.

Conviction for two of the three enhancement felonies and a copy of the judgment rendered upon the revocation of parole for the third enhancement felony (Exhibit 5 to Govt's Resp.).[2]

Thus, the Court finds the Government made timely disclosures entirely consistent with the Discovery Order and with Rule 16(a)(1)(B). Although Defendant claims he was "prejudiced" by the September 2003 and December 2003 disclosures, he gives no explanation as to the nature of that prejudice, aside from stating that they were belatedly made. The Court fails to see how Defendant has been harmed or otherwise prejudiced by the timing of the Government's disclosures because they consisted of information largely already known to defense counsel and because the facts underlying Defendant's prior convictions have no bearing on the charges he faces in the Superceding Indictment (namely, unlawful possession of a firearm by a convicted felon and an armed career criminal enhancement).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant David Louis King's Motion to Exclude **[Doc. No. 36]** and Supplemental Motion to Exclude **[Doc. No. 52]** are hereby **DENIED**.

Dated this 30th day of January, 2003.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Government explains that it did not have the Judgment and Conviction for the third felony in its possession in December 2002, but that on or about August 26, 2003, after the Government had begun seeking documentation for the armed career criminal enhancement, it obtained the Judgment and Conviction for the third felony. At that time, the Government submitted a copy of the document to defense counsel.

<u>Attorney for Plaintiff</u>:
Amy Sirignano

<u>Attorney for Defendant</u>:
Kenneth A. Gleria