**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                     Civ. No. 16-501 MV/KK
                                          (Cr. No. 02-2092 MV)

DAVID LOUIS KING,

      Defendant/Movant.

**MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant/Movant David Louis King's ("Defendant") Emergency Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) ("Section 2255 Motion"), filed May 26, 2016.  Plaintiff/Respondent the United States of America ("the Government") responded in opposition to the motion on August 8, 2016, and Defendant filed a reply in support of it on August 30, 2016.  (Docs. 8, 10.)  United States District Judge Martha Vázquez referred this matter to the undersigned for proposed findings and a recommended disposition on June 30, 2016.  (Doc. 4.)

In February of 2004, Defendant pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (Doc. 1 at 2; CR Docs. 56, 57.)  The Court determined that Defendant had previously been convicted of three violent felonies, and therefore imposed an enhanced sentence of fifteen years' imprisonment pursuant to the Armed Career Criminal Act ("ACCA").  18 U.S.C. § 924(e)(1).  (CR Doc. 83 at 24, 28.)  In his Section 2255 Motion, Defendant asks the Court to reduce his sentence because one of the convictions on which the Court relied to enhance it was for New Mexico armed robbery, which, he argues, no longer qualifies as a violent felony under the ACCA in light of the United States

Supreme Court's decision in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015) ("*Samuel Johnson*").  (Docs. 1, 10.)  The Government opposes Defendant's motion, arguing that New Mexico armed robbery remains a violent felony under the ACCA despite the *Samuel Johnson* decision.  (Doc. 8.)

The Court has meticulously reviewed the pleadings and attachments in this civil proceeding and in the underlying criminal case, Cr. No. 02-2092 MV.  The Court has also examined the transcript of the sentence proceedings before Judge Vázquez, (CR Doc. 83), as well as the Presentence Investigation Report ("PSR").  (CR Doc. 77; Doc. 9.)  Because Defendant's Section 2255 Motion raises purely legal issues, an evidentiary hearing is unnecessary.  28 U.S.C. § 2255(b).  Having carefully considered the parties' submissions, the civil and criminal record, and the relevant law, the Court recommends that Defendant's Section 2255 Motion be GRANTED.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 21, 2002, the Government charged Defendant by indictment with two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (CR Doc. 1.)  The Court appointed attorney Kenneth Gleria to represent Defendant, who pled not guilty to the charges against him on December 12, 2002.  (CR Docs. 5, 7.)  On January 30, 2003, the Court released Defendant from custody pending trial.  (CR Docs. 16, 17.)

Defendant pled guilty to Count I of the indictment pursuant to a plea agreement on July 15, 2003.  (CR Doc. 31.)  However, on August 26, 2003, the Government filed a notice that it intended to seek a minimum sentence of fifteen years' imprisonment pursuant to the ACCA, rather than a maximum sentence of ten years' imprisonment pursuant to 18 U.S.C. § 924(a)(2),

as stated in the parties' plea agreement.  (CR Doc. 32.)   The Government identified three predicate convictions to support this enhanced sentence: a 1986 armed robbery conviction, a 1995 commercial burglary conviction, and a 1995 residential burglary conviction, all under New Mexico law.  (*Id.* at 2; Doc. 9-1 at 10 ¶ 26.)  In light of this new information, the Court permitted Defendant to withdraw his guilty plea on September 25, 2003.  (CR Doc. 35.)  On October 8, 2003, the Government filed a superseding indictment to include charges that Defendant's sentence should be enhanced under the ACCA.  (CR Doc. 37.)

Defendant entered into a new plea agreement, and pled guilty to Count II of the superseding indictment, on February 18, 2004.  (CR Docs. 56, 57.)  In the new plea agreement, Defendant acknowledged that he faced a minimum sentence of fifteen years' imprisonment under the ACCA.  (CR Doc. 56 at 2.)  However, on April 21, 2004, Defendant filed objections to the PSR, in which he argued that the Court should not enhance his sentence because his prior conviction for commercial burglary was not for a violent felony under the ACCA.  (CR Doc. 61.)  Rejecting this argument, the Court sentenced Defendant to fifteen years' imprisonment at a hearing on May 26, 2004.  (CR Docs. 64, 83.)  The Court entered a judgment of conviction against Defendant on the same date,[1] and subsequently dismissed the original indictment and Count I of the superseding indictment.  (CR Docs. 65, 67.)  On appeal, the Tenth Circuit affirmed the use of Defendant's prior commercial burglary conviction to enhance his sentence.  (CR Doc. 73.)

Defendant has been in federal custody since July of 2004.  (Doc. 1 at 3.)  He filed the Section 2255 Motion presently before the Court on May 26, 2016, less than one year after the United States Supreme Court struck down a portion of the ACCA in *Samuel Johnson*, 135 S. Ct.

---

[1] The Court entered an amended judgment of conviction against Defendant on June 22, 2004 to correct a clerical error.  (CR Doc. 72.)

at 2551.  (Doc. 1.)  The Government responded in opposition to the motion on August 8, 2016, and Defendant filed a reply in support of it on August 30, 2016.  (Docs. 8, 10.)  In his motion, Defendant asks the Court to reduce his sentence from fifteen years' to no more than ten years' imprisonment, *i.e.*, the maximum sentence he faced without the ACCA enhancement, and order his immediate release from federal custody because he has already been imprisoned for more than ten years.  (Doc. 1 at 1.)  In support of this request, Defendant argues that the enhancement of his sentence was improper, because:  (1) the Court necessarily relied on the ACCA's "residual clause" to find that his prior armed robbery conviction was for a violent felony under the Act; and, (2) the *Samuel Johnson* decision struck down the residual clause as unconstitutionally vague.  (*Id.* at 4-5; Doc. 10 at 1-3.)

In its response in opposition to Defendant's motion, the Government acknowledges that the Court likely relied on the ACCA's residual clause to find that Defendant's prior armed robbery conviction was for a violent felony, and that this clause is now invalid.  (Doc. 8 at 1-2.)  However, the Government contends that the enhancement of Defendant's sentence was nevertheless proper because New Mexico armed robbery still qualifies as a violent felony under the ACCA's "force clause," which *Samuel Johnson* left intact.  (*Id.* at 2-3.)  Defendant's Section 2255 Motion is now before the undersigned for proposed findings and a recommended disposition.

## II.   ANALYSIS

The ACCA provides that a person who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or "serious drug offense" is subject to a minimum term of fifteen years' imprisonment.  18 U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" to mean

any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).  Subpart (i) of this definition is known as the "force clause" or "elements clause"; the non-italicized portion of subpart (ii) is known as the "enumerated clause"; and, the italicized portion of subpart (ii) is known as the "residual clause." *Samuel Johnson*, 135 S. Ct. at 2556; *United States v. Fritts*, — F.3d —, 2016 WL 6599553, at *1 (11th Cir. Nov. 8, 2016); *United States v. Gardner*, 823 F.3d 793, 801-02 (4th Cir. 2016); *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015).  In *Samuel Johnson*, the Supreme Court ruled that the ACCA's residual clause is unconstitutionally vague, but left its force and enumerated clauses intact.[2]  135 S. Ct. at 2557, 2563.

In determining whether an offense is a violent felony under the ACCA, courts must generally apply the "categorical approach," considering only the offense's statutory elements, and not the actual facts underlying the defendant's prior conviction.  *United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016); *Gardner*, 823 F.3d at 802; *United States v. Smith*, 652 F.3d 1244, 1246 (10th Cir. 2011).  Courts must presume that a prior conviction "rested upon nothing more than the least of the acts criminalized" by the state statute.  *Moncrieffe v. Holder*, — U.S. —, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and citations omitted).

To satisfy this categorical approach, it is not necessary that every conceivable factual offense covered by a statute fall within the ACCA.  Rather, the proper

---

[2] The Supreme Court subsequently held that *Samuel Johnson* announced a new substantive rule that applies retroactively on collateral review.  *Welch v. United States,* — U.S. —, 136 S. Ct. 1257, 1264-65 (2016).  Thus, Defendant may challenge the Court's enhancement of his sentence pursuant to the ACCA's residual clause by way of a motion under 28 U.S.C. § 2255.

> inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, qualifies under the ACCA as a violent felony.

*Smith*, 652 F.3d at 1246 (citation omitted); *see Duncan*, 833 F.3d at 757 ("[I]n applying the categorical approach, we are concerned with the ordinary case, not fringe possibilities.") (internal quotation marks and citation omitted).  To identify the least culpable conduct a state statute criminalizes in the ordinary case, federal courts look to how the state's courts have interpreted the statute.  *Johnson v. United States*, 559 U.S. 133, 138 (2010) ("*Curtis Johnson*"); *United States v. Seabrooks*, 839 F.3d 1326, 1347 (11th Cir. 2016) (Martin, J., concurring).

When a statute includes alternative elements that create distinct versions of a crime, courts may employ the "modified categorical approach."  *Gardner*, 823 F.3d at 802; *United States v. Hood*, 774 F.3d 638, 645 (10th Cir. 2014); *see Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2249 (2016) ("[T]his Court approved the 'modified categorical approach' for use with statutes having multiple alternative elements.").  When using the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  *Mathis*, 136 S. Ct. at 2449; *Hood*, 774 F.3d at 645.  However, the modified categorical approach does not apply to statutes "that enumerate[] various factual means of committing a single element."  *Mathis*, 136 S. Ct. at 2249, 2253-54.

The New Mexico statute at issue in this case provides as follows:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

> Whoever commits robbery is guilty of a third degree felony.

> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

N.M. Stat. Ann. § 30-16-2.

> This statutory language shows that armed robbery is not a distinct offense from robbery; the offense is robbery whether or not armed, and whether or not one is an accessory. 'Armed robbery' is a way to commit 'robbery' and, if done in that way, the penalty is greater but the basic offense remains robbery.[3]

*New Mexico v. Roque*, 1977-NMCA-94, ¶ 8, 91 N.M. 7, 569 P.2d 417. Thus, to determine whether Defendant's armed robbery conviction is a violent felony under the ACCA, the Court must analyze the elements of robbery, plus the additional element of commission of the offense "while armed with a deadly weapon." N.M. Stat. Ann. § 30-16-2.

In the present matter, neither robbery nor armed robbery is listed in the ACCA's enumerated clause, and, as noted above, the Supreme Court has invalidated the Act's residual clause. *Samuel Johnson*, 135 S. Ct. at 2557, 2563. Thus, to constitute a violent felony under the ACCA, New Mexico armed robbery must satisfy the force clause; in other words, it must categorically have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). At first blush, New Mexico robbery, whether simple or armed, would seem to satisfy this requirement easily. As noted above, New Mexico robbery consists of theft from the person or immediate control of another "by use or threatened use of force or violence."[4] N.M. Stat. Ann. § 30-16-2. "The gist of the offense of robbery is *the use of force or intimidation*." *New Mexico v. Bernal*, 2006-NMSC-50, ¶ 28, 140 N.M. 644, 146 P.3d 289 (emphasis added) (citation omitted). In short, the statute's

---

[3] Although armed robbery is an aggravated form of robbery, robbery and armed robbery are two distinct offenses for purposes of determining whether they are violent felonies under the ACCA, because they entail different penalties. *Mathis*, 136 S. Ct. at 2249, 2256. Here, there is no dispute that Defendant was convicted for armed robbery. (Doc. 1 at 1-2; Doc. 8 at 1-2.)

[4] "[T]he words 'or violence'" in the robbery statute "refer to the unwarranted exercise of force and do not substantively state an alternative means of committing the offense." *New Mexico v. Curley*, 1997-NMCA-38, ¶ 4, 123 N.M. 295, 939 P.2d 1103; *see also New Mexico v. Fuentes*, 1994-NMCA-158, ¶ 14, 119 N.M. 104, 888 P.2d 986 (terms "force" and "violence" are used synonymously in New Mexico robbery statute).

plain language suggests that New Mexico robbery, and thus also the aggravated offense of armed robbery, fall neatly within the scope of the ACCA's force clause.

However, the analysis is not so straightforward in the sometimes counterintuitive legal landscape recent federal jurisprudence has created. *See Duncan*, 833 F.3d at 752 ("[T]he intricate law that has developed around the classification of prior convictions for recidivist sentencing enhancements can produce some surprising results."). The meaning of the term "physical force" as used in the ACCA's force clause is a question of federal law. *Curtis Johnson*, 559 U.S. at 138; *Duncan*, 833 F.3d at 753. And, in 2010, the Supreme Court ruled that this term means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 140 (emphasis in original); *Hood*, 774 F.3d at 645; *United States v. Ramon Silva*, 608 F.3d 663, 669 (10th Cir. 2010).

In *Curtis Johnson*, the Supreme Court held that the force element of Florida battery, which can be satisfied by "the most nominal contact, such as a tap on the shoulder without consent," did not necessarily rise to the level of physical force within the meaning of the ACCA. 559 U.S. at 138-40. How much more force the ACCA requires is not entirely clear. Justice Scalia, who authored the majority opinion in *Curtis Johnson*, observed that the "degree of force necessary to inflict pain" might consist of no more than "a slap in the face, for example." 559 U.S. at 143. Thus, at least one federal court of appeals has concluded that, "[w]hile mere touching is not enough to show physical force, the threshold is not a high one; a slap in the face will suffice." *Duncan*, 833 F.3d at 754. However, Justice Sotomayor, writing for the Court in *United States v. Castleman*, has suggested that the *Curtis Johnson* standard may be more demanding. — U.S. —, 134 S. Ct. 1405, 1411-12, 1414 (2014). In *Castleman*, Justice Sotomayor's opinion left unresolved whether acts such as "[h]itting, slapping, shoving, grabbing,

pinching, biting, [and] hair pulling" rise to the level of "violent force, under [*Curtis*] *Johnson*'s definition of that phrase." *Id.*; *but see id.* at 1421-22 (Scalia, J., concurring) ("[h]itting, slapping, shoving, grabbing, pinching, biting, [and] hair pulling" bear no "real resemblance to mere offensive touching, and all of them are capable of causing physical pain or injury" within the meaning of *Curtis Johnson*).

To decide whether New Mexico armed robbery is a violent felony under the ACCA's force clause, then, this Court must look to state law to determine whether the least culpable conduct allowing for a conviction in the ordinary case necessarily includes physical force as *Curtis Johnson*, possibly modified by *Castleman*, has defined it. In other words, does the "force or violence" required by New Mexico's robbery statute categorically rise to the level of *Curtis Johnson* physical force?[5] The New Mexico Supreme Court has not addressed the amount, degree, or type of force sufficient to support a robbery conviction, so the Court must look to the New Mexico Court of Appeals' decisions for guidance. *United States v. Bell*, — F.3d —, 2016 WL 6311084, at *2 (8th Cir. Oct. 28, 2016); *Gardner*, 823 F.3d at 803.

---

[5] New Mexico robbery can also be committed by "intimidation," *i.e.*, the "threatened use of force." *Bernal*, 2006-NMSC-50 at ¶ 28, 140 N.M. at 644, 146 P.3d at 289; N.M. Stat. Ann. § 30-16-2. Defendant makes no argument regarding whether intimidation necessarily includes the threatened use of *Curtis Johnson* physical force; and, neither party asks the Court to use the modified categorical approach to determine whether Defendant was convicted of armed robbery by the use of force, or by the threat of it. (*See generally* Docs. 1, 8, 10.) Also the record, which does not include the indictment or plea agreement and colloquy from Defendant's armed robbery case, provides the Court with no basis on which to embark on an independent analysis of this issue. *Mathis*, 136 S. Ct. at 2449. The Court may not consider the PSR under the modified categorical approach, *United States v. Rooks*, 556 F.3d 1145, 1148 n.4 (10th Cir. 2009), and at any rate, the PSR states only that Defendant was convicted of "Armed Robbery," and that "[a]ttempts to secure offense reports were unsuccessful." (Doc. 9-1 at 11-12). Thus, the Court will not separately analyze this alternative means or element here. However, the Court notes that robbery or armed robbery by intimidation, as opposed to robbery or armed robbery by force, could be a distinct offense that has as an element the threatened use of *Curtis Johnson* physical force. *See Fuentes*, 1994-NMCA-158 at ¶ 12, 119 N.M. at 104, 888 P.2d at 986 ("[R]obbery can be presented under alternative theories: (1) robbery by threat of force; (2) robbery by use of force; (3) armed robbery by threat of force; or (4) armed robbery by use of force."); *New Mexico v. Sanchez*, 1967-NMCA-009, ¶ 12, 78 N.M. 284, 430 P.2d 781 (to support robbery conviction, threatened use of force must be "such as to cause a reasonable man to apprehend danger and that he could be reasonably expected to give up his property in order to protect himself"); *see also United States v. Doctor*, — F.3d —, 2016 WL 6833343, at *2-*3, *5 (4th Cir. Nov. 21, 2016) (South Carolina robbery by means of intimidation qualifies as violent felony under ACCA's force clause because, to satisfy element of intimidation, "a robbery victim must feel a threat of bodily harm based on the defendant's acts," and "[t]here is no meaningful difference between a victim feeling a threat of bodily harm and feeling a threat of physical pain or injury") (internal quotation marks and citation omitted).

According to the New Mexico Court of Appeals, "[t]he amount or degree of force is not . . . determinative" of whether the force element of New Mexico's robbery statute has been satisfied. *New Mexico v. Martinez,* 1973-NMCA-120, ¶ 4, 85 N.M. 468, 513 P.2d 402.  Rather, "the force . . . must be the lever that serves to separate the property from the victim." *New Mexico v. Hamilton*, 2000-NMCA-63, ¶ 8, 129 N.M. 321, 6 P.3d 1043.  Thus, the force element of robbery is satisfied when the defendant removes property from the victim's person or immediate control with sufficient force to overcome some type of resistance, including "the resistance of attachment." *Curley*, 1997-NMCA-38 at ¶¶ 4, 7, 9, 123 N.M. at 295, 939 P.2d at 1103.

> [W]hen property is attached to the person or clothing of a victim so as to cause resistance, any taking is a robbery, and not larceny, because the lever that causes the victim to part with the property is the force that is applied to break that resistance; however, when no more force is used than would be necessary to remove property from a person who does not resist, then the offense is larceny, and not robbery.

*Id.* at ¶ 6, 123 N.M. at 295, 939 P.2d at 1103.

As applied, this standard has resulted in some robbery convictions where the defendant clearly used *Curtis Johnson* physical force, and others where he likely did not.  Grabbing money from a victim's pocket with sufficient force to rip the pocket, hitting the victim, and knocking him against a railing, would certainly seem to involve force capable of causing physical pain, and likely physical injury as well.  *Martinez,* 1973-NMCA-120 at ¶¶ 2, 5, 85 N.M. at 468, 513 P.2d at 402.  Likewise, pulling a bag out of an elderly victim's hands with sufficient force to knock her to the ground seems entirely capable of causing physical pain or injury.  *New Mexico v. Segura*, 1970-NMCA-66, ¶¶ 3, 7, 81 N.M. 673, 472 P.2d 387.  However, a purse snatching

accomplished by a simple tug-of-war or shove[6] does not.  *New Mexico v. Verdugo*, 2007-NMCA-95, ¶¶ 2, 27, 142 N.M. 267, 164 P.3d 966; *Curley*, 1997-NMCA-38 at ¶¶ 3, 14-15, 123 N.M. at 295, 939 P.2d at 1103.  Moreover, in *dicta*, the New Mexico Court of Appeals has suggested that force sufficient to snatch a pin attached to the victim's clothing, or a necklace around the victim's neck, would satisfy the force element of New Mexico's robbery statute; and, these scenarios also involve something less than *Curtis Johnson* physical force.  *Curley*, 1997-NMCA-38 at ¶ 12, 123 N.M. at 295, 939 P.2d at 1103; *see United States v. Castro-Vazquez*, 176 F. Supp.3d 13, 20-21 (D.P.R. 2016) (force used to yank chain off of victim's neck does not rise to level of *Curtis Johnson* physical force).

Federal appellate courts faced with analogous standards from other states have reached widely varying conclusions regarding whether robbery necessarily has as an element the use, attempted use, or threatened use of *Curtis Johnson* physical force, and so is a violent felony under the ACCA's force clause.  Analyzing North Carolina caselaw, the Fourth Circuit in *Gardner* concluded that North Carolina robbery is *not* a violent felony under the force clause. 823 F.3d at 803-04.  The *Gardner* court reasoned that "the minimum conduct necessary to sustain a [robbery] conviction . . . does not necessarily include the use, attempted use, or threatened use of force capable of causing physical pain or injury to another person," where "the degree of force used [to commit a robbery] is immaterial, so long as it is sufficient to compel the victim to part with his property."  *Id.* (internal quotation marks and citations omitted); *see also, e.g., Bell*, — F.3d —, 2016 WL 6311084 at *2-*3 (Missouri robbery is not a crime of violence

---

[6] *Compare Castleman,* 134 S. Ct. at 1411-12, 1414 ("shoving" may not rise to the level of "violent force, under [*Curtis*] *Johnson*'s definition of that phrase") *with id.* at 1421-22 (Scalia, J., concurring) ("shoving" is "capable of causing physical pain or injury" within the meaning of *Curtis Johnson*).

under U.S.S.G. § 4B1.2's force clause[7] because "[t]he amount of physical force required for a person to be convicted . . . does not . . . necessarily rise to the level of physical force required for a crime of violence," where defendant "can be convicted of . . . robbery when he has physical contact with a victim but does not necessarily cause physical pain or injury") (emphasis and internal quotation marks omitted) *and id.* at *5 (Gruender, C.J., dissenting) (noting "consistent line" of Missouri robbery cases "requiring force capable of preventing or overcoming resistance"); *United States v. Eason*, 829 F.3d 633, 641-42 (8th Cir. 2016) (Arkansas robbery is not a violent felony under ACCA's force clause because "the degree of physical force required to commit robbery in Arkansas" does not "rise[] to the level of [*Curtis Johnson*] physical force," where force element of crime requires "some injury . . . some struggle . . . or some force used in order to take" property); *cf. United States v. Castro-Vazquez*, 802 F.3d 28, 37-38 (1st Cir. 2015) (remanding to district court to determine whether force required for Puerto Rico robbery rises to required level of physical force under U.S.S.G. § 4B1.2's force clause, where defendant argued that robbery by "violence is defined under Puerto Rico law to include the slightest use of force"); *United States v. Redrick*, — F.3d —, 2016 WL 6595973, at *3 (D.C. Cir. Nov. 8, 2016) (government conceded Maryland common law robbery is not a violent felony under ACCA's force clause, where force element of crime is satisfied "so long as the victim resisted the taking and her resistance had been overcome") (internal quotation marks and citation omitted).

Conversely, in *Fritts*, the Eleventh Circuit held that Florida robbery *is* a violent felony under the ACCA's force clause, because, *inter alia*, the force element of the crime "requires both resistance by the victim and physical force by the offender that overcomes that resistance." — F.3d —, 2016 WL 6599553 at *5 (internal quotation marks and citation omitted). According to

---

[7] The Tenth Circuit has "consistently applied the same analysis" to the ACCA and U.S.S.G. § 4B1.2 where, as here, "the clauses are virtually identical." *United States v. Mitchell*, 653 F. App'x 639, 642 (10th Cir. 2016) (quoting *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015)).

the Eleventh Circuit, "nothing in *Curtis Johnson*, a simple battery case," compels a different result. *Id.* at *4; *see also, e.g., Seabrooks*, 839 F.3d at 1343-44 (same); *Duncan*, 833 F.3d at 752, 756 (Indiana robbery is a violent felony under ACCA's force clause; "*Curtis Johnson* did not hold that 'physical force' under the ACCA means a level of force likely to cause serious injury"); *Priddy*, 808 F.3d at 686 (Tennessee robbery is a violent felony under ACCA's force clause, where force element of crime requires "physical force unlawfully exercised so as to injure, damage or abuse").

The lower courts in the Tenth Circuit are in a similar state of discord. For example, in *United States v. Bong*, the court held that Kansas robbery *is* a violent felony under the ACCA's force clause. 2016 WL 6395340, at *4 (D. Kan. Oct. 28, 2016). The defendant in *Bong* "cite[d] no Kansas Supreme Court case finding the force element of robbery to be satisfied by evidence of 'any physical contact' with the victim"; thus, "[n]othing in *Johnson* undermines the common sense conclusion that the taking of property from a person 'by force' or 'threat of bodily harm' contemplates 'the use or threatened use of physical force against another.'" *Id.* Conversely, in *United States v. Durete,* the court held that Colorado robbery is *not* a "crime of violence" under U.S.S.G. § 4B1.2's force clause. — F. Supp.3d —, 2016 WL 5791199, at *5 (D. Colo. Sept. 13, 2016). According to the *Durete* court,

> [s]imple robbery . . . does not have as an element the use, attempted use, or threatened use of physical force against the person of another, because Colorado cases make clear that the amount of force necessary to commit simple robbery does not rise to the *Curtis Johnson* definition of physical force.

*Id.* Notably, in Colorado as in New Mexico, force sufficient to remove an object attached to a person's clothing satisfies the force element of simple robbery, as does a "slight tug" to break a purse strap. *Id.*

Notwithstanding the unsettled, rapidly evolving legal landscape just surveyed, the United States Attorney for the District of New Mexico has recently conceded that New Mexico simple robbery is not a violent felony under the ACCA's force clause, resulting in the resentencing of at least two other defendants in this District.  *See Raymond v. United States*, Civ. No. 16-634 MV/KBM, Order Granting § 2255 Relief (D.N.M. filed Nov. 8, 2016) (granting defendant's Section 2255 motion for resentencing because "the Government concedes that the [defendant's] prior robbery conviction [simple robbery under N.M. Stat. Ann. § 30-16-2] does not survive scrutiny under [*Curtis Johnson*]."); *Silva v. United States*, Civ. No. 16-674 JCH/KK, Order (D.N.M. filed Oct. 11, 2016) (granting defendant's Section 2255 motion for resentencing) *and Silva v. United States*, Civ. No. 16-674 JCH/KK, Notice of Concession (D.N.M. filed Sept. 22, 2016) ("Defendant's conviction for [New Mexico simple robbery] can no longer be considered a qualifying conviction under the ACCA" because the offense "can be committed without force causing physical pain or injury.").  In light of the Government's responsibility to "seek justice" rather than "win" in criminal prosecutions, the Court gives its concession some weight in recommending a disposition of Defendant's Section 2255 Motion.  *Young v. United States ex rel. Vuittton et Fils S.A.*, 481 U.S. 787, 803 (1987).  Thus, after due consideration of the law just discussed, and with the Government's concession tipping the scales, the undersigned proposes to find that New Mexico robbery "does not necessarily include [as an element] the use, attempted use, or threatened use of force capable of causing physical pain or injury to another person," *Gardner*, 823 F.3d at 804, and therefore does not satisfy the force clause, and is not a violent felony, under the ACCA.

The Court is aware that the Tenth Circuit, some years before *Curtis Johnson*, held that New Mexico robbery is "clearly [a] violent felon[y] under the [ACCA]" because it "contains the

required element of force." *United States v. Lujan*, 9 F.3d 890, 892 (10th Cir. 1993); *see also Bernal*, 2006-NMSC-50 at ¶ 28, 140 N.M. at 644, 146 P.3d at 289 ("[R]obbery under New Mexico law is a violent felony for purposes of [the] federal career offender statute because it requires the use or threatened use of force.").  A Tenth Circuit panel decision binds this Court "absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Killion*, 7 F.3d 927, 930 (10th Cir. 1993).  Here, *Lujan* does not bind the Court, because *Curtis Johnson* is a "superseding contrary decision by the Supreme Court," requiring a new analysis and, ultimately, an opposite result.  *Id.; see, e.g., Eason*, 829 F.3d at 641 (reevaluating Eighth Circuit precedent regarding application of ACCA to Arkansas robbery in light of *Curtis Johnson*).

The undersigned also acknowledges three recent Tenth Circuit decisions addressing issues similar to those presented here, in which the Tenth Circuit arrived at a different result. First, in *United States v. Aguilar-Ramos*, an unpublished opinion, the Tenth Circuit held that California robbery "by force" is a crime of violence under U.S.S.G. § 2L1.2.  645 F. App'x 777, 778-79 (10th Cir. 2016).[8]   However, the Tenth Circuit so held because the commentary to U.S.S.G. § 2L1.2 specifically lists robbery as a crime of violence; in contrast, the ACCA does not list robbery as a violent felony.  *Id.* at 778-79.  Likewise, in *United States v. Castillo*, the Tenth Circuit held that California robbery "by fear" is a crime of violence under U.S.S.G. § 2L1.2, because it corresponds to generic robbery and extortion, and the guideline's commentary lists both of these offenses as crimes of violence.  811 F.3d 342, 346-47 (10th Cir. 2015).  Again, in contrast, the ACCA does not include robbery in its enumerated clause.

---

[8] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Finally, in *United States v. Cherry*, another unpublished decision, the Tenth Circuit held that Oklahoma robbery "by force and fear" is a violent felony under the ACCA's force clause. 641 F. App'x 829, 831, 833 (10th Cir. 2016).  In so ruling, however, the Tenth Circuit did not discuss whether the force element of the offense necessarily includes the actual, attempted, or threatened use of force capable of causing physical pain or injury to another, and therefore rises to the level of *Curtis Johnson* physical force.  *See generally id.*  In fact, the decision includes no discussion at all regarding either *Curtis Johnson* or the degree of force the Oklahoma robbery statute requires, and thus provides this Court with no guidance regarding how the Tenth Circuit might apply *Curtis Johnson* to the offense at issue here.  *Id.*  In short, the foregoing Tenth Circuit decisions are materially distinguishable and provide no basis for altering the Court's conclusion that New Mexico robbery does not satisfy the ACCA's force clause.

Although it has conceded that New Mexico *simple* robbery is not a violent felony under the ACCA, the Government makes no such concession with respect to New Mexico *armed* robbery.  (*See generally* Doc. 8.)  On the contrary, according to the Government, New Mexico armed robbery *is* a violent felony under the ACCA's force clause, because armed robbery has as an element the *use* of a deadly weapon, and thus, the actual, attempted, or threatened use of *Curtis Johnson* physical force.  (*Id.* at 2-3.)  This argument fails because it is based on a false premise.  As previously noted, New Mexico's armed robbery statute criminalizes robberies committed "while armed with a deadly weapon."  N.M. Stat. Ann. § 30-16-2.  After careful consideration of the state law discussed below, the Court concludes that this element requires the possession, but not necessarily the use, of a deadly weapon; and, the added element of possession of a deadly weapon is not enough to bring New Mexico robbery within the scope of the ACCA's force clause.

The New Mexico Court of Appeals has consistently interpreted the phrase "armed with a deadly weapon" to mean mere possession of a deadly weapon, and not necessarily its use. [9]  The decision most on point is *New Mexico v. Duran*, 1977-NMCA-99, 91 N.M. 38, 570 P.2d 39, in which the defendant was convicted of armed robbery, and his sentence enhanced for use of a firearm pursuant to N.M. Stat. Ann. § 31-18-16.[10]  In *Duran*,

> [t]he jury was instructed that an element of the crime was that defendant was "armed" with a firearm.  However, there is no separate finding of fact that a firearm was "used"; no special interrogatory was submitted to the jury.  [The defendant] assert[ed] that absent such a separate finding, the enhanced sentence for use of a firearm should not have been imposed.

1977-NMCA-99 at ¶ 7, 91 N.M. at 38, 570 P.2d at 39.

The prosecution countered that the jury instructions "required the jury to determine that [the] defendant was armed with a firearm before finding him guilty of armed robbery," and that "the finding of guilty necessarily determined that [the] defendant used a firearm."  *Id.* at ¶ 9, 91 N.M. at 38, 570 P.2d at 39.  Critically, the *Duran* court rejected the prosecution's argument because it "equates 'armed with a firearm' with 'use of a firearm.'  *That is not necessarily true*."  *Id.* (emphasis added).  The court therefore affirmed the defendant's conviction for armed robbery, *i.e.*, robbery while armed with a firearm, but vacated his sentence enhancement for use

---

[9] In armed robbery prosecutions involving an object that is not a statutorily enumerated deadly weapon, but rather is a deadly weapon only because of its "character and manner of use," New Mexico courts do require proof regarding how the object was used, *i.e.*, proof that it was used as a "weapon with which dangerous wounds can be inflicted." *New Mexico v. Fernandez*, 2007-NMCA-091, ¶¶ 7-12, 142 N.M. 231, 164 P.3d 112.  However, this requirement goes only to whether the object in question is a deadly weapon, and not whether the defendant was armed with it; and, it does not apply to objects statutorily enumerated as deadly weapons, including loaded and unloaded firearms. *Id.* at ¶¶ 6-7 (quoting N.M. Stat. Ann. § 30-1-12(B)).  Also, in *Fuentes*, the New Mexico Court of Appeals stated that armed robbery "requires the elements of robbery plus the use of a deadly weapon."  1994-NMCA-158 at ¶ 8, 119 N.M. at 104, 888 P.2d at 986.  However, this statement is pure *dicta*, and the case cited in support of it is inapposite.

[10] Section 31-18-16 provides that when a factfinder determines "that a firearm was used in the commission of a noncapital felony," the defendant's sentence "shall be increased by one year" for a first offense, and three years for second and subsequent offenses.  N.M. Stat. Ann. § 31-18-16(A), (B).  At the time of the *Duran* decision, this enhancement was codified at N.M. Stat. Ann. § 40A-29-3.1.  *See Duran*, 1977-NMCA-99 at ¶ 6, 91 N.M. at 38, 570 P.2d at 39.

of that firearm during the robbery. *Id.* The import of *Duran* is clear: although one who uses a weapon is necessarily armed, one can be "armed with" a weapon under New Mexico law without using it.[11]

The New Mexico Court of Appeals' decisions interpreting the phrase "armed with a deadly weapon" in the context of aggravated burglary reinforce the point. *See New Mexico v. Anderson*, 2001-NMCA-27, ¶ 21, 130 N.M. 295, 24 P.3d 327 ("Some statutes aggravate a predicate crime when the perpetrator is *armed with a deadly weapon*.") (emphasis in original) (citing N.M. Stat. Ann. § 30-16-2 (robbery) *and* N.M. Stat. Ann. § 30-16-4 (aggravated burglary)). For example, in *New Mexico v. Luna*, the court observed that "there is virtually no difference between being in possession of a deadly weapon and being armed with a deadly weapon." 1982-NMCA-150, ¶ 9, 99 N.M. 76, 653 P.2d 1222. "Clearly, by enhancing the penalty for burglary while armed with a deadly weapon, the legislature intended to deter potential criminals from the *use or possession* of firearms and which escalate the possibility of violence." *Id.* at ¶ 11, 99 N.M. at 76, 653 P.2d at 1222 (emphasis added). In *New Mexico v. Padilla*, the court elaborated on this point, holding that the phrase "armed with a deadly weapon" includes a "deadly weapon which is easily accessible and readily available for use during the commission of the burglary whether or not it is actually on the person of the accused." 1996-NMCA-72, ¶¶ 10-11, 122 N.M. 92, 920 P.2d 1046 (internal quotation marks and citations omitted).

It is worth noting that, as New Mexico's firearm enhancement statute illustrates, the New Mexico legislature is fully capable of employing the term "use" when it wishes to penalize the

---

[11] Moreover, the New Mexico legislature has not changed the terminology of Section 30-16-2 in the nearly four decades since the *Duran* court interpreted the term "armed with" to mean possession, and not necessarily use, which strongly suggests that this interpretation comports with legislative intent.

use of, as opposed to being "armed with," a deadly weapon. *Compare* N.M. Stat. Ann. § 31-18-16 (providing for sentence enhancement where "firearm was used") *with* N.M. Stat. Ann. § 30-16-2 (defining armed robbery as robbery "while armed with a deadly weapon") *and* N.M. Stat. Ann. § 30-16-4(A) (defining aggravated burglary as burglary where the perpetrator "is armed with a deadly weapon"). In *New Mexico v. Trujillo*, the New Mexico Court of Appeals elaborated on the distinction the *Duran* court made between "use" and "armed with" in interpreting the firearm enhancement statute. 1978-NMCA-41, 91 N.M. 641, 578 P.2d 342. Quoting the California courts at some length, the *Trujillo* court observed that

> [b]y employing the term "uses" instead of "while armed" the Legislature requires something more than merely being armed. . . . The intentional firing of the gun is use of the firearm. The display of the gun in a menacing manner as a means of accomplishing a robbery or the employment of the gun to strike or "pistol whip" the victim is certainly "use" of the gun in the commonly accepted definition of that term.

*Id.* at ¶¶ 12-13, 91 N.M. at 641, 578 P.2d at 342. The *Trujillo* court went on to observe that, "[s]imilarly to the California courts, we have distinguished between armed with a firearm and use of a firearm." *Id.* at ¶ 14, 91 N.M. at 641, 578 P.2d at 342.

In arguing to the contrary, the Government relies heavily on the New Mexico Court of Appeals' decision in *Hamilton*, 2000-NMCA-63, 129 N.M. at 321, 6 P.3d at 1043. (Doc. 8 at 2-3.) The defendant in *Hamilton* kicked in the victim's door, threatened to slash her throat, found a handgun in her apartment and took it, told her to give him money, took a twenty dollar bill from her purse, fired the handgun at the couch on which she was sitting, and left. *Id.* at ¶¶ 3-4, 9, 129 N.M. at 321, 6 P.3d at 1043. On this evidence, the *Hamilton* court was called upon to decide whether the theft of the gun during the robbery supported aggravating the offense from simple to armed robbery. The court ultimately found that it did, because the defendant was armed at the

time he used force or threatened force to separate the victim from her money, *i.e.*, before the robbery was complete.  *Id.* at ¶ 13, 129 N.M. at 321, 6 P.3d at 1043.

> It is in this context that the court stated:

> the determination of whether a defendant who seizes a weapon during the commission of a robbery is armed 'while' committing the robbery is highly fact sensitive.  When the defendant acquires the weapon and how he uses it after its acquisition are paramount.

*Id.* at ¶ 12, 129 N.M. at 321, 6 P.3d at 1043.  In isolation, this excerpt could be read to suggest that armed robbery requires the use of a deadly weapon; however, the *Hamilton* court went on to clarify that "[p]ossession of a dangerous weapon, rather than its use, is the essential element of armed robbery."  *Id.* at ¶ 13, 129 N.M. at 321, 6 P.3d at 1043 (quoting *Massachusetts v. Goldman*, 367 N.E.2d 1181, 1182 (Mass. App. 1977)).  Thus, *Hamilton* does not stand for the proposition that armed robbery requires use of a deadly weapon, but rather that armed robbery requires possession of the weapon before the robbery is complete.  For all of the above reasons, and consistent with ordinary usage, the Court concludes that to commit robbery "while armed with a deadly weapon" under New Mexico law means to have the weapon in one's possession, and not necessarily to use it, during the robbery.

In this sense, New Mexico armed robbery is analogous to Massachusetts armed robbery.  *See United States v. Parnell*, 818 F.3d 974, 979-80 (9th Cir. 2016).  In *Parnell*, the Ninth Circuit observed that, under Massachusetts' armed robbery statute, a defendant "must possess a dangerous weapon" during the robbery but need not "generally or openly display[]" it.  *Id.* at 979.  The *Parnell* court went on to determine that mere possession of a dangerous weapon during a robbery does not satisfy the ACCA's force clause, because

> the force clause requires the actual, attempted or *threatened* use of physical force, not a mere uncommunicated willingness or readiness to use such force.  A willingness to use violent force is not the same as a threat to do so.  The latter

20

> requires some outward expression or indication of an intention to inflict pain, harm or punishment.  The former does not.

*Id.* at 980 (emphasis in original) (citations omitted).  Considering this reasoning in the context of armed robbery, the court stated that

> [t]he possession of a dangerous weapon may indicate a robber's willingness to use that weapon if necessary to accomplish the criminal undertaking.  The mere fact an individual is armed, however, does not mean he or she has used the weapon, or threatened to use it, in any way. . . .  There is a material difference between the presence of a weapon, which produces a *risk* of violent force, and the actual or threatened use of such force.  Only the latter falls within the ACCA's force clause.

*Id.* (emphasis in original) (citations omitted).[12]

In contrast, federal appellate decisions holding that armed robbery (as distinct from simple robbery) is a violent felony under the ACCA's force clause have involved state statutes requiring the use of a dangerous or deadly weapon during the robbery.  *See, e.g., Redrick*, — F.3d —, 2016 WL 6595973 at *5 (Maryland armed robbery is a violent felony under ACCA's force clause; offense has as an element "use of a dangerous or deadly weapon"); *United States v. Smith*, 638 F. App'x 216, 219 (4th Cir. 2016) (North Carolina armed robbery is a violent felony under ACCA's force clause; offense has as an element "use or threatened use" of dangerous weapon); *United States v. Johnson*, 530 F. App'x 528, 531-33 (6th Cir. 2013) ("*Derrick Johnson*") (Tennessee armed robbery is a violent felony under ACCA's force clause; offense has as an element use or threat to use deadly weapon).  As the *Redrick* court observed, the

> element of "use" of a dangerous or deadly weapon supplies at minimum a "threat" of physical force against the person of another.  And because the means employed is a "dangerous or deadly weapon," the required degree of force—that is, "*violent* force"—is present.

— F.3d —, 2016 WL 6595973 at *5.

---

[12] Circuit Judge Watford aptly observed that the *Parnell* decision seems "counterintuitive" and "absurd," but nevertheless concurred in the decision.  818 F.3d at 982.

The Government appears to concede the logic that unifies the *Parnell*, *Redrick*, *Smith*, and *Derrick Johnson* decisions, *i.e.*, that armed robbery *is* a violent felony under the ACCA's force clause when the offense has as an element the use of a deadly weapon, but is *not* when only possession of such a weapon is required.  (Doc. 8 at 2-3.)  The Court must also yield to the force of this logic.  The Court is very sure that 'mere' possession of a deadly weapon during a robbery greatly increases the risk that *Curtis Johnson* physical force will be used.  However, the ACCA's force clause addresses the actual, attempted, or threatened use of violent force, not the risk of its use.  18 U.S.C. § 924(e)(2)(B)(i).  Risk fell within the purview of the now-defunct residual clause.  18 U.S.C. § 924(e)(2)(B)(ii).  Thus, and because New Mexico's armed robbery statute requires merely the possession, and not necessarily the use, of a deadly weapon, the offense is no more a violent felony under the ACCA's force clause than simple robbery is.

The undersigned proposes this result with serious reservations.  One cause for concern is its potential dissonance with federal appellate decisions holding that federal bank robbery is a crime of violence under U.S.S.G. § 4B1.2's force clause.  Federal bank robbery has as an element the use of "force and violence" or "intimidation."  18 U.S.C. § 2113(a).  To use "intimidation," in turn, "is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm."  Tenth Circuit Criminal Pattern Jury Instruction 2.77 (2015).  The Tenth Circuit has found that this element was satisfied where the defendant did no more than "walk[] unhesitatingly behind the [bank] counter and beg[i]n to remove cash from the tellers' drawers," speaking only to say "shut up" when asked what he was doing.  *United States v. Slater*, 692 F.2d 107, 107-09 (10th Cir. 1982).  The *Slater* court found sufficient evidence of intimidation in the defendant's "quiet" but "forceful," "purposeful," and "aggressive" behavior, which "created a dangerous situation" and a reasonable "expectation of

injury . . . in the context of an incident of this kind where a weapon and a willingness to use it are not uncommon," although the defendant had no weapon in that case.  *Id.* at 109; *see also, e.g., United States v. Crosby*, 416 F. App'x 776, 777, 780 (10th Cir. 2011) (sufficient evidence of intimidation where defendant passed note to teller at drive-through window stating, "This is a robbery.  Give me all large bills.  100s, 50s, no bait money, no alarms, and give note back and do it fast."); *United States v. Winfield*, 961 F.2d 221, at *1-*3 (10th Cir. 1992) (unpublished) (sufficient evidence of intimidation where defendant "softly" told teller to "put a stack of 20's on the counter . . . quickly" and reached into his jacket); *but see United States v. Wagstaff*, 865 F.2d 626, 629 (4th Cir. 1989) (declining to follow *Slater*).

In light of these cases, it seems to the Court that federal bank robbery is, categorically, no more "violent" than New Mexico armed robbery.  Engaging in a tug-of-war for a woman's purse while armed with a deadly weapon seems at least as forceful, purposeful, aggressive, and dangerous as walking behind a bank counter unarmed, and removing money from tellers' drawers.  Nevertheless, two federal appellate courts have held, post-*Curtis Johnson*, that federal bank robbery is a crime of violence under U.S.S.G. § 4B1.2's force clause.  *United States v. Johnson*, — F. App'x —, 2016 WL 6775916, at *5 (11th Cir. Nov. 16, 2016); *United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016).  These courts reason that the force clause is satisfied because the federal bank robbery statute, by its plain language, requires the use of "force and violence" or "intimidation," and "intimidation" requires the threat of bodily injury.[13]  *Johnson*, — F. App'x —, 2016 WL 6775916, at *5; *McBride*, 826 F.3d at 295-96.  The

---

[13] In addition, at least three federal appellate courts have held, post-*Curtis Johnson*, that federal bank robbery is a crime of violence under the force clause of 18 U.S.C. § 924(c), engaging in a similarly summary analysis.  *United States v. Armour*, — F.3d —, 2016 WL 6440383, at *3-*4 (7th Cir. Nov. 1, 2016); *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016); *United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016).  Section 924(c)'s force clause is broader than the ACCA's, because it includes the use of force against the property, as well as the person, of another.  *Compare* 18 U.S.C. § 924(c)(3)(A) *with* 18 U.S.C. § 924(e)(2)(B)(i).  However, the *Armour*, *Holder*, and *McNeal* courts expressed no reliance on Section 924(c)'s broader scope in concluding that federal bank robbery satisfies the subsection's force clause.

dissonance between these intuitively appealing decisions and the Court's present recommendation is troubling. However, the Court does not feel free to follow them here in light of the law discussed above, in combination with the Government's concession that New Mexico simple robbery is no longer a violent felony under the ACCA.

I also have concerns about the real world impact of this recommended outcome. The tortuous legal analysis that has led the Court to this recommendation could be construed as a "protracted ruse for paradoxically finding even the worst and most violent offenses not to constitute crimes of violence." *Doctor*, — F.3d —, 2016 WL 6833343, at *6 (Wilkinson, C.J., concurring). Now, where a defendant commits a robbery in New Mexico of "unquestionable violence—by taking money from someone after placing the barrel of a loaded gun against [that person's] head and demanding the money or their life" the Court would have "to ignore that reality and deem the conviction non-violent" under the ACCA. *Castro-Vazquez*, 176 F. Supp.3d at 21.

To these concerns, the Court would add that the disposition it is recommending seems contrary to what Congress intended when it passed the ACCA.

> The ACCA addresses the most culpable sector of the criminal population, the repeat offenders Congress found responsible for the majority of violent crimes in America. H.R. Rep. No. 98–1073, at 1–3 (1984); S. Rep. No. 98–190, at 5–6 (1983). This is no rookie class of criminals. They are the exact opposite of those first-offense or non-violent offenders who are the focus of sensible sentencing reform efforts.

*Doctor*, — F.3d —, 2016 WL 6833343, at *6 (Wilkinson, C.J., concurring). New Mexico armed robbery would have satisfied any conceivable interpretation of the now-defunct residual clause; at a minimum and as a matter of common sense, the offense "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Further, the crime seems at least as forceful as generic extortion and burglary, which remain violent felonies under the ACCA's enumerated clause. *Id.*

24

In sum, the undersigned is bound to propose that New Mexico armed robbery is not a violent felony under the ACCA; however, the outcome is problematic because it not only further eviscerates Congress' attempt to enhance penalties for violent armed recidivists, but also increases citizens' exposure to these offenders in the real world.

## III.   CONCLUSION

For all of the foregoing reasons, the Court proposes to find that New Mexico armed robbery no longer qualifies as a violent felony under the ACCA, and thus, that the Court may no longer rely on Defendant's prior conviction for this offense to enhance his sentence. Consequently, the undersigned recommends that the Court GRANT Defendant's Section 2255 Motion, VACATE his sentence, and RESENTENCE him without enhancement under the ACCA at the Court's earliest opportunity.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**